# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 08-573V
(Not For Publication)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| TIMOTHY T BOKMULLER and | * | |
| DEBORAH L BOKMULLER, | * | |
| *parents and natural guardians of* | * | |
| BTB, *a minor*, | * | |
| | * | Filed: November 4, 2016 |
| | * | |
| Petitioners, | * | Vaccine Act Fees and Costs |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*John McHugh*, New York, NY, for Petitioners.
*Ann Donohue Martin*, Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS

**HASTINGS**, *Special Master*.

     In this case under the National Vaccine Injury Compensation Program (hereinafter "the Program"[1]), Petitioners seek, pursuant to 42 U.S.C. § 300aa-15(e)(1), an award for attorneys' fees and other costs incurred in attempting to obtain Program compensation. After careful consideration, I have determined to grant the request in substantial part.

---

[1] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2012 ed.). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2012 ed.). The statutory provisions defining the Program are also sometimes referred to as the "Vaccine Act."

1

# I

# BACKGROUND LAW CONCERNING ATTORNEYS' FEES AND COSTS AWARDS

*A. General*

    Special masters have the authority to award "reasonable" attorneys' fees and litigation costs in Vaccine Act cases. §300aa–15(e)(1). This is true even when a petitioner is unsuccessful on the merits of the case, if the petition was filed in good faith and with a reasonable basis. *Id*. "The determination of the amount of reasonable attorneys' fees is within the special master's discretion." *Saxton v. HHS,* 3 F.3d 1517, 1520 (Fed. Cir. 1993); *see also Shaw v. HHS,* 609 F.3d 1372, 1377 (Fed. Cir. 2010).

    Further, as to all aspects of a claim for attorneys' fees and costs, the burden is on the *petitioner* to demonstrate that the attorneys' fees claimed are "reasonable." *Sabella v. HHS,* 86 Fed. Cl. 201, 215 (2009); *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *Rupert v. HHS,* 52 Fed. Cl. 684, 686 (2002); *Wilcox v. HHS,* No. 90–991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997). The petitioner's burden of proof to demonstrate "reasonableness" applies equally to *costs* as well as attorneys' fees. *Perreira v. HHS,* 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994).

    One test of the "reasonableness" of a fee or cost item is whether a hypothetical petitioner, who had to use his own resources to pay his attorney for Vaccine Act representation, would be willing to pay for such expenditure. *Riggins v. HHS,* No. 99–382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd by unpublished order* (Fed. Cl. Dec. 10, 2009), *aff'd,* 406 Fed. App'x. 479 (Fed. Cir. 2011); *Sabella v. HHS,* No. 02–1627V, 2008 WL 4426040, at *28 (Fed. Cl. Spec. Mstr. Aug. 29, 2008), *aff'd in part and rev'd in part,* 86 Fed. Cl. 201 (2009). In this regard, the United States Court of Appeals for the Federal Circuit has noted that:

> [i]n the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Saxton*, 3 F.3d at 1521 (emphasis in original) (quoting *Hensley*, 461 U.S. at 433–34). Therefore, in assessing the number of hours reasonably expended by an attorney, the court must exclude those "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434; *see also Riggins*, 2009 WL 3319818, at *4.

    The Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent. *See Saxton,* 3 F.3d at 1521; *Sabella,* 86 Fed. Cl. 201, 209 (2009); *see also Wasson v. HHS*, 24 Cl. Ct. 482, 484, 486 (1991), *aff'd,* 988 F.2d 131 (Fed. Cir. 1993) (holding that, in determining a reasonable number of hours expended in any given case, a special master may rely on her experience with the Vaccine Act and its attorneys, without basing her decision on a line-by-line

examination of the fee application). A unanimous Supreme Court has articulated a similar holding:

> We emphasize, as we have before, that the determination of fees "should not result in a second major litigation." The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award." But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of "the district court's superior understanding of the litigation." We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it.

*Fox v. Vice*, 563 U.S. 826, 838 (2011) (internal citations omitted).

## II

## PROCEDURAL HISTORY

The Petitioners, Timothy and Deborah Bokmuller, filed this petition on August 13, 2008, alleging a vaccine-caused injury to their minor child, BTB. (Petition, ECF No. 1.) The case was assigned to Special Master Gary Golkiewicz. (ECF No. 2.)

For nearly seven years, Petitioners' counsel spent time gathering the relevant medical records and unsuccessfully attempting to find an expert who could provide support for Petitioners' claim. Finally, on May 1, 2015, Petitioners filed a motion seeking a decision based on the written record. (ECF No. 76.) On June 26, 2015, I filed my Decision denying Petitioners' claim. (ECF No. 77.) Petitioners did not seek review of that Decision, so that judgement denying their claim was entered on August 3, 2015. (ECF No. 79.)

On June 2, 2016, Petitioners filed an application seeking attorneys' fees and costs incurred in their attempt to gain compensation in this proceeding. (ECF No. 84.) They seek a total of $61,593.26 in fees and costs. Respondent filed a short Response on June 16, 2016, arguing that I should award a reduced amount in the range of $12,000 to $15,000, but offering no substantial analysis of the application. (ECF No. 87.) Respondent took the position that the Vaccine Act did not contemplate a "role for Respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs" (*id.*, p. 2), and requested that the special master "exercise his discretion" in determining a reasonable award (*id.*, p. 4).

III

DISCUSSION

*A. Good faith and reasonable basis*

After reviewing the record of this case, I find that this case was filed and prosecuted in good faith and with a reasonable basis.

*B. Amount of the award*

   *1. Hourly rates*

In Petitioners' Application and the documents appended thereto, filed on June 2, 2016, ECF No. 84 and attachments 84-1 through 84-5, I could not find an explicit listing of Mr. McHugh's hourly rates for the years in question. However, studying ECF Document No. 85 and attachment 85-1, also filed on June 2, it appears that Mr. McHugh seeks $325 per hour for work in 2008-2009, $335 for 2010, $340 for 2011-12, $355 for 2014, and $364 for 2015. These rates appear reasonable and will be granted. (*See, e.g.*, *McCulloch v. HHS*, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).)

   *2. Attorney hours*

The total number of hours claimed by Mr. McHugh, based generally on my 27 years as a Vaccine Act special master, and in particular in my extensive work in autism-related cases over the past 14 years, seems to me to be substantially more than a reasonable amount for the services provided. Accordingly, in what seems to me to be a generous assessment, I will reduce the total claimed amount for attorneys' fees by 20 percent.

   *3. Attorney costs*

The claimed attorney costs appear reasonable to me, and will be awarded.

   *4. Petitioners' own costs*

After examining ECF No. 84-5, page 1, and all the extensive documents filed on September 1, 2016, it appears to me that the Bokmullers likely did spend the claimed amount of money in the process of seeking an expert witness for their claim. I will grant the amount of $15,283.79, as set forth at ECF No. 90, page 6, para. 11.

IV

**CALCULATION OF AWARD**

| | | |
|---|---|---|
| Attorney's fees | $39,409 times (80%) = | $ 31,527.20 |
| Attorney's costs | | 5,133.51 |
| Mr. and Mrs. Bokmuller's costs | | 15,283.79 |
| | Total award = | $ 51,944.50 |

V

**CONCLUSION**

    For the foregoing reasons, I award Petitioners $51,944.50 in attorneys' fees and costs. The award shall be made in the form of a check payable to Petitioners in the amount of $15,283.79, plus a check payable jointly to Petitioners and Petitioners' counsel of record in the amount of $36,660.71. The Clerk of this Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

    /s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master